IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 24-cv-02554-REB

KND HOLDINGS, LLC,

    Plaintiff,

v.

DARIN MANIS, an individual, and
ADVISORLOANS, LLC, a Colorado Limited Liability Company,

    Defendants.

## ORDER RE: DEFENDANTS' MOTION TO DISMISS

**Blackburn, J.**

The matters before me are (1) **Defendants Darin Manis's and AdvisorLoans, LLC's Motion To Dismiss for Lack of Subject Matter Jurisdiction Pursuant to F.R.C.P. 12(b)(1)** [#12],[1] filed October 28, 2024; and (2) **Defendants Darin Manis's and AdvisorLoans, LLC's Motion To Stay Discovery Pending Resolution of Motion To Dismiss** [#20], filed November 19, 2024. I deny the motion to dismiss without prejudice but, because it is clear plaintiff's claims will be subject to preclusion once judgment is final, grant the motion to stay discovery.

### I. JURISDICTION

This court putatively has jurisdiction over this matter pursuant to 28 U.S.C. §1332 (diversity of citizenship).

### II. STANDARD OF REVIEW

---

[1] "[#12]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

Federal courts are courts of limited jurisdiction and, thus, may only adjudicate claims that the Constitution or Congress have given them authority to hear and determine. **Morris v. City of Hobart**, 39 F.3d 1105, 1110 (10th Cir. 1994), **cert. denied**, 115 S.Ct. 1960 (1995); **Fritz v. Colorado**, 223 F.Supp.2d 1197, 1199 (D.Colo. 2002). A challenge based on a plaintiff's alleged failure to satisfy the amount in controversy necessary to confer federal subject matter jurisdiction based on diversity of citizenship arises under Rule 12(b)(1). **See Dejean v. Grosz**, 2014 WL 2118285 at *1 (D. Colo. May 21, 2014)

A motion to dismiss under Rule 12 (b)(1) may consist of either a facial or a factual attack on the complaint. **Holt v. United States**, 46 F.3d 1000, 1002 (10th Cir.1995). Because defendants' motion presents a facial attack, I must accept the allegations of the complaint as true. **Id.** Plaintiff bears the burden of establishing subject matter jurisdiction exists. **Henry v. Office of Thrift Supervision**, 43 F.3d 507, 512 (10th Cir. 1994); **Fritz**, 223 F.Supp.2d at 1199. "'[The] motion must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction.'" **Fritz**, 223 F.Supp.2d at 1199 (quoting **Groundhog v. Keeler**, 442 F.2d 674, 677 (10th Cir. 1971)).

By contrast (and contrary to the representations of the motion), a motion to dismiss based on claim preclusion is analyzed under the standards of Rule 12(b)(6). **Mulcahy v. Aspen/Pitkin County Housing Authority**, 2021 WL 795479 at *2 n.6 (D. Colo. March 1, 2021); **Quicken Loans Inc. v. Newland Court Condominium Association**, 2020 WL 1694381 at *8 (D. Colo. April 6, 2020). In ruling on a motion to

2

dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court must determine whether the allegations of the complaint are sufficient to state a claim within the meaning of Fed. R. Civ. P. 8(a).  In doing so, a federal court generally must not look beyond the boundaries of the complaint itself.  *See MacArthur v. San Juan County*, 309 F.3d 1216, 1221 (10th Cir. 2002), *cert. denied*, 123 S.Ct. 2246 (2003); *Denison v. Colorado Department of Corrections*, 2008 WL 732592 at *6 (D. Colo. March 18, 2008).  However, when matters outside the complaint are presented to (and not excluded by) the court, the court must treat the motion as a one seeking summary judgment.  FED. R. CIV. P. 12(d); *Carter v. Stanton*, 405 U.S. 669, 671, 92 S.Ct. 1232, 1234, 31 L.Ed.2d 569 (1972); *Foremaster v. St. George*, 882 F.2d 1485, 1491 (10th Cir. 1989), *cert. denied*, 110 S.Ct. 1937 (1990).  *See also Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991) (failure to convert motion to dismiss to motion for summary judgment is reversible error.).

      Here, defendants have attached to their motion and reply copies of documents that were filed in the prior state court litigation between these parties.  These documents were not attached to the complaint, *cf. Industrial Constructors Corp. v. United States Bureau of Reclamation*, 15 F.3d 963, 964-65 (10th Cir.1994) , nor referenced specifically therein, *cf. GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).  Nevertheless, they are the type of matters of which the court may take judicial notice, *see Mitchell v. Dowling*, 672 Fed. Appx. 792, 794 n.2 (10th Cir. 2016); *United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir.), *cert. denied*, 128 S.Ct. 424 (2007), and "facts subject to judicial notice may be considered in

a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment," **Tal v. Hogan**, 453 F.3d 1244, 1264-65 n.24 (10th Cir. 2006, **cert. denied**, 127 S.Ct. 1334 (2007).  This exception "includes another court's publicly filed records 'concerning matters that bear directly upon the disposition of the case at hand.'" **Hodgson v. Farmington City**, 675 Fed. Appx. 838, 841 (10th Cir. 2017) (quoting **Ahidley**, 486 F.3d at 1192 n.5)).[2]  Accordingly, I may consider these documents without converting the motion into a motion for summary judgment.[3]

### III. ANALYSIS

This case began in Colorado state district court as a dispute between the members of a now-defunct limited liability company.  Defendant AdvisorLoans, LLC, was formed in February 2015 by David Grau and defendant Darin Manis.  (**Motion App.**, Exh. 2 ¶ 8 at 2.)  Mr. Manis owns 91% of the economic interest in AdvisorLoans; plaintiff KND Holdings ("KND") owns the other 9%.  (**Id.**, Exh. 2 ¶¶ 2 & 5 at 2.)  Mr. Grau allegedly owns 100% of the economic interest in KND.  (**Id.**, Exh. 2 ¶ 4 at 2.)[4]

In March 2020, Mr. Grau and KND sued Mr. Manis and AdvisorLoans in Colorado state district court claiming Mr. Manis made distributions to himself but failed to make any distributions to Mr. Grau or KND, refused to provide Mr. Grau or KND

---

[2] Such documents "may only be considered to show their contents, not to prove the truth of matters asserted therein." **Tal**, 453 F.3d at 1265 n.24 (citation and internal quotation marks omitted).

[3] I note further that plaintiff did not even mention, much less object to, defendants' inclusion, or the court's consideration, of these documents.  I therefore consider it to have waived any objection to my consideration of the documents.

[4] This allegation is contrary to the finding of the state district court, which stated in its findings of fact and conclusions of law following trial that Mr. Grau and his wife each owned 50% of KND.  (**Motion App.**, Exh. F at 2.)  As the discrepancy does not bear on my resolution of the issues presented by the motion to dismiss, I do not address it further.

access to company records, and offered membership interests in AdvisorLoans to others without consulting Mr. Grau. The lawsuit alleged claims for breach of fiduciary duty, conversion, civil theft, and unjust enrichment, and also sought an accounting, dissolution of AdvisorLoans, and appointment of a receiver to wind up the business of the company.

Mr. Grau and KND's claims of breach of fiduciary duty, civil theft, and conversion, as well as Mr. Manis's counterclaims for breach of fiduciary duty, were tried to a jury on February 5-8, 2024. The trial court noted that financial records produced for the period through February 22, 2023, showed Mr. Manis received $90,000 in distributions. (**Id.**, Exh. F ¶ 6 at 6.) In addition, Mr. Manis testified at trial that he received another $110,000 in distributions and $169,000 in compensation for the year (**Reply App.**, Exh. H at 51-52); in closing arguments, KND's counsel suggested Mr. Manis made $369,000 in 2023 (*id.*, Exh. H at 38-39). The jury returned a verdict in favor of Mr. Grau and KND in the amount of $276,790.00, which the trial court trebled as provided by statute, ultimately finding KND entitled to $830,370 in damages against Mr. Manis and AdvisorLoans.[5]  (**Motion App.**, Exh. F at 2-3.)

Other of the plaintiffs' claims, as well as defendants' counterclaims, equitable in nature, were set for trial to the court on July 3, 2024. On the morning of trial, counsel for the parties advised they had reached a stipulation resolving Mr. Grau and KND's remaining claims, pursuant to which KND would accept a buyout of $100,000. The court accepted the stipulation and memorialized the parties' agreement:

---

[5] The jury also returned a verdict in favor of Mr. Manis on his counterclaim for breach of fiduciary duty and awarded him $36,750 against Mr. Grau and KND.  (**Id.**, Exh. F at 2-3.)

> A STIPULATION HAS BEEN REACHED WITH REGARD
> TO VALUATION AND DISSOLUTION CLAIM.  THE COURT
> APPROVES THE STIP AND ORDERS A BUYOUT – MANIS
> WILL PAY GRAU WITHIN 45 DAYS $100,000, COUNSEL
> TO DRAFT DOCUMENTS TO TRANSFER 9% BACK TO
> MANIS.  ALL PTS. CLAIMS RESOLVED.

(*Id.*, Exh. D; *see also id.*, Exh. F at 4.)[6]  The court later reiterated its understanding of the stipulation in its findings of fact:

> The Court specifically recalls both counsel confirming that
> Plaintiff's claims for an accounting, for appointment of a
> receiver, and for dissolution were resolved.  The Court's
> notes indicate Counsel for Plaintiff specifically stated, "the
> valuation is low, despite that, the buyout for $100,000 is
> accepted to resolve the dissolution".  There was no mention
> of any other distributions owed, or any mention of foregoing
> any appellate issues.

(*Id.*, Exh. F at 3 (emphasis in original).)  Although the court's findings of fact and conclusions of law found the jury's awards of damages to the parties on their respective claims were subject to prejudgment interest, it did not state a date from which prejudgment interest would run.  (*See id.*, Exh. F at 14.)

By this lawsuit, KND again brings claims for breach of fiduciary duty, civil theft, conversion, and unjust enrichment against Mr. Manis and AdvisorLoans, now seeking additional distributions for the period between February 23, 2023 (the last date on which KND purportedly had information regarding distributions made to Mr. Manis), and September 16, 2024 (the date the partnership was finally dissolved).  Mr. Manis and AdvisorLoans now move to dismiss on the grounds that the amount in controversy has

---

[6] The court heard argument on Mr. Manis and AdvisorLoans's counterclaims for unjust enrichment and piercing the corporate veil, as well as ancillary matters of attorney fees, costs, and prejudgment interest.  (*See id.*, Exh. F at 3.)  Ultimately, the court denied Mr. Manis and AdvisorLoans's counterclaim for unjust enrichment, refused to pierce KND's corporate veil, and awarded prejudgment interest to both parties on the jury's verdict.  (**Motion App.**, Exh. F at 4-15.)

6

not been met or, alternatively, that KND's claims are precluded.  The first argument is patently unavailing.[7]  I thus turn to the question of claim preclusion.

Claim preclusion, which describes the rules formerly known as "merger" and "bar," **see In re Crespin**, 551 B.R. 886, 895 (Bankr. D.N.M. 2016), is intended to "secure[] the peace and repose of society by the settlement of matters capable of judicial determination," **Nevada v. United States**, 463 U.S. 110, 129, 103 S.Ct. 2906, 2917-18, 77 L.Ed.2d 509 (1983) (citation and internal quotation marks omitted), by "protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation," **Parklane Hosiery Co. v. Shore**, 439 U.S. 322, 326, 99 S.Ct. 645, 649, 58 L.Ed.2d 552 (1979).  Thus, a plaintiff is required "'to explore all the facts, develop all the theories, and demand all the remedies in the first suit.'" **Stone v. Department of Aviation**, 453 F.3d 1271, 1279 (10th Cir. 2006) (quoting 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 4408 (2nd ed. 2002)).

"The preclusive effect of a state court judgment in a subsequent federal lawsuit generally is determined by the full faith and credit statute, 28 U.S.C. § 1738, which

---

[7] Mr. Manis and AdvisorLoans maintain KND cannot satisfy the amount in controversy because the amount of the remaining distributions allegedly owed are beneath the statutory threshold of $75,000.  However, because KND's claims for civil theft and conversion include a mandatory award of treble damages, attorney fees, and costs, **see** § 18-4-405, C.R.S., the amount in controversy plainly is satisfied, **see Baker v. Sears Holdings Corp.**, 557 F.Supp.2d 1208, 1212-13 (D. Colo. 2007).  Such damages are not "collateral" in the sense contemplated by the authorities on which defendants rely in arguing otherwise. **Cf. Phelps Oil & Gas, LLC v. Noble Energy Inc.**, 5 F.4th 1122, 1127-28 (10th Cir. 2021) (amount of counterclaim defendant might file in future could not be considered in determining amount in controversy; "Our precedents explain that the amount in controversy cannot be based on contingent, speculative, or collateral claims that could possibly occur *as a result of the judgment*."), **vacated on remand on other grounds**, 2022 WL 20596792 (D. Colo. Sept. 7, 2022) (emphasis added).  Under defendants' argument, no claim could ever satisfy the amount-in-controversy requirement because every claim is "collateral" in the sense that a party ultimately may not prevail.

directs a federal court to refer to the preclusion law of the State in which judgment was rendered." **Brady v. UBS Financial Services, Inc.**, 538 F.3d 1319, 1327 (10th Cir. 2008) (citation and internal quotation marks omitted); *see* **Stifel, Nicolaus & Co. v. Woolsey & Co.**, 81 F.3d 1540, 1544 (10th Cir. 1996).  Under Colorado law, "[f]or a claim in a second judicial proceeding to be precluded by a previous judgment, there must exist: (1) finality of the first judgment, (2) identity of subject matter, (3) identity of claims for relief, and (4) identity or privity between parties to the actions." **Argus Real Estate, Inc. v. E-470 Public Highway Authority**, 109 P.3d 604, 608 (Colo. 2005).

By its initial response, the primary bone of contention was the third of these elements, with KND claiming it could not have brought its claims for distributions owed after February 22, 2023, in the state court case because it had no information regarding the distributions Mr. Manis received after that date.  The law, however, is to the contrary.  "Claim preclusion works to preclude the relitigation of matters that have already been decided *as well as matters that could have been raised in a prior proceeding but were not*."  **Id.** (emphasis added).  **See also Wilkes v. Wyoming Department of Employment**, 314 F.3d 501, 504-05 (10th Cir. 2002) ("Under *. . .* claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or *could have been raised in the prior action*."), **cert. denied**, 124 S.Ct. 181 (2003) (emphasis in original).  This rule precludes a plaintiff from presenting new theories of the case or seeking "remedies or forms of relief not demanded in the first action."

> Typically, even when the injury caused by an actionable
> wrong extends into the future and will be felt beyond the date

> of judgment, the damages awarded by the judgment are nevertheless supposed to embody the money equivalent of the entire injury. Accordingly, if a plaintiff who has recovered a judgment against a defendant in a certain amount becomes dissatisfied with his recovery and commences a second action to obtain increased damages, the court will hold him precluded; his claim has been merged in the judgment and may not be split.

**RESTATEMENT (SECOND) OF JUDGMENTS** § 25 & cmt. c. If KND believed it was owed distributions through the date of the dissolution of the LLC, there is simply no reason why it could not have sought future damages under a primary or alternative theory of unjust enrichment in the original suit. Nevertheless, it did not.[8]

That KND may not have had information regarding distributions Mr. Manis may have received after February 22, 2023, is irrelevant.[9] "It is immaterial that in trying the first action [plaintiff] was not in possession of enough information about the damages, past or prospective, or that the damages turned out in fact to be unexpectedly large and in excess of the judgment." **RESTATEMENT (SECOND) OF JUDGMENTS** § 25, cmt. c. Indeed, it is inconceivable that KND was prevented from permissibly extrapolating future damages from evidence of distributions Mr. Manis received in the past. *See **Southwest Stainless, LP v. Sappington**,* 582 F.3d 1176, 1187 (10th Cir. 2009); ***Technics, LLC v. Acoustic Marketing Research Inc.**,* 179 P.3d 123, 127 (Colo. App. 2007), ***aff'd***, 198

---

[8] Moreover, KND *did* ask the jury for damages through at least the end of 2023, if not to the time of trial. On direct examination, Mr. Grau answered questions as to whether he received any distributions in 2023. (**Def. Reply App.**, Exh. G at 161.) He subsequently was questioned as to the fair market value of KND's distributions to the "present," which must be assumed to encompass time through the date of trial in February 2024. (*Id.*, Exh. G at 178.) In addition, in closing arguments, counsel for Mr. Grau and KND repeatedly and extensively referenced the distributions Mr. Manis allegedly paid himself in 2023 and apparently showed the jury a chart including distributions through 2023. (*See id.*, Exh. H at 38-39, 51-52.)

[9] To the extent KND had complaints about defendants' production of discovery relating to damages after that date, the appropriate forum in which to address those issues was the state trial court.

9

P.3d 96 (Colo. 2008). **See also Tull v. Gundersons, Inc.**, 709 P.2d 940, 945 (Colo. 1985) ("In proving the amount of damages it is sufficient for a plaintiff to provide '[a] reasonable basis for computation and the best evidence obtainable under the circumstances of the case which will enable the trier of the facts to arrive at a fairly approximate estimate of the loss.'") (citation omitted).

Thus it appears, at least substantively, that KND's claims are clearly precluded. Nevertheless, it is equally clear that the state court judgment is not yet final. Indeed, on November 15, 2024, the Colorado Court of Appeals' entered an order dismissing defendants' appeal as premature:

> The Court NOTES that per **Stone Grp. Holdings, LLC v. Ellison**, 2024 COA 10, ¶ 23 (citing **Grand Cnty. Custom Homebuilding, LLC v. Bell**, 148 P.3d 398, 400 01 (Colo. App. 2006)), prejudgment interest is a component of damages meaning that when it is unresolved, that holds up finality of the merits judgment. But "if an order announces (1) the amount of the judgment; (2) the interest rate; and (3) the date on which accrual of prejudgment interest begins, then the amount of prejudgment interest has been reduced to a sum certain as of the date of the order," even without a stated amount. **Id.** at ¶ 26.
>
> Here, it appears that the date of accrual was not announced in the order being appealed.

(**Defs. Brief Pursuant to Order for Clarification App.**, Exh. D at 1-2 [#26-4], filed December 19, 2024.) Defendants' arguments as to why that decision is irrelevant to this court's determination of the issues raised by and inherent to the motion to dismiss are interesting but unconvincing. Accordingly, the judgment is not final until the trial court specifies a date from which prejudgment interest will accrue, and until the judgment becomes final, the court cannot dismiss KND's claims as precluded. The

10

motion to dismiss therefore must be denied.

However, given that KND's claims ultimately will be precluded, it appears appropriate to deny the motion without prejudice to reurge the issue once the state court judgment becomes final.[10]  Until that time, it would be profligate to subject defendants to discovery on claims which ultimately will not survive.  I therefore will grant defendants' motion to stay discovery, albeit not tied to resolution of the motion to dismiss but rather to notice that final judgment has entered in the state court case.

**THEREFORE, IT IS ORDERED** as follows:

1.  That **Defendants Darin Manis's and AdvisorLoans, LLC's Motion To Dismiss for Lack of Subject Matter Jurisdiction Pursuant to F.R.C.P. 12(b)(1)** [#12], filed October 28, 2024, is denied without prejudice; and

2.  That **Defendants Darin Manis's and AdvisorLoans, LLC's Motion To Stay Pending Discovery Resolution of Motion To Dismiss** [#20], filed November 19, 2024, is granted as specified herein.

Dated January 6, 2025, at Denver, Colorado.

BY THE COURT:

Bob Blackburn
Robert E. Blackburn
United States District Judge

---

[10]  At that time, defendants may simply notify the court of the entry of final judgment.  A motion reurging (or a response contesting) the same issues as discussed herein is neither required nor desired.